DICKINSON, Associate Judge.
This was a divorce case instituted on the grounds of desertion by Joseph R. Baker against his wife, Louise S. Baker. The complaint was filed December 22, 1953, and. alleged residence for ninety days. An answer was filed after service by publication,, which answer controverted plaintiff’s residence and alleged that he had been the one who had deserted his wife. Thus were the issues framed.
By the entry of its decree of divorce the-lower court found the plaintiff to have been a bona fide resident of Florida and that the defendant had been guilty of desertion. This appeal raises two questions, 1) the-bona fides of the residence or rather the-actual residence of the plaintiff for ninety days prior to the institution of this suit on. December 22, 1953, and 2) the sufficiency-of the evidence to sustain the charge of desertion. If the first ground is good, there is no need to consider the second, because-if residence is not proved then of course it automatically bars the recovery of divorce..
A résumé of the testimony taken on residence is very revealing. By leading questions of the most obvious nature the plaintiff answered “yes” to the questions propounded to him of “How long have you; been a resident of the State of Florida?” His answer, “Since September 1953”, and in answer to the next question “Have you been a resident of the State of Florida for ninety days last past and prior to the filing of this suit?” (the actual date of filing not. being in the question, nor is it known that the plaintiff knew the actual date of filing) the plaintiff answered “Yes”. He also testified he had lived at Patrick Air Force-Base since September 1953. This is all the plaintiff’s own testimony on his residence. The testimony of three witnesses-was taken in an attempt to corroborate residence. Remember, this testimony was taken August 6, 1955. Sgt. Beckman testified plaintiff had been a resident of the State for about nine months and again in response to this question “Has Sgt. Baker been a resident of the State of Florida for ninety days past and prior to the filing of this suit?”, this witness answered “Yes.” Sgt. Berry, another witness offered as a cor *507 roborating witness, in response to this question “Has Sgt. Baker been a resident of the State of Florida for ninety days past and prior to the filing of this suit?” (again no date given of the date of filing) answered “Yes, sir”. The second corroborating witness, Sgt. Armstrong, in response to this question “Do you know how long he (plaintiff) has been a resident of the State of Florida?” (question propounded August 6, 1955) said “about nine months”. The next question to him was “Has Sgt. Baker been a resident of the State of Florida for ninety days last past and prior to the filing of this suit?” answered “Yes”. Again we repeat, the question was propounded to all of these witnesses without saying when the suit was filed or specifying any date as to its; institution.
This is all the testimony on resi-dence and its corroboration. The case having been filed December 22, 1953, the plaintiff would have had to have become a resident on or before ninety days (this being before the present law on residence became effective) before this date or on or before September 23, 1953. This being true, certainly nine months prior to August 6, 1955, ■could not be construed by the wildest stretch of the imagination as having been ■prior to September 23, 1953. No clear cut or convincing testimony as to the actual residence of the plaintiff and certainly mo corroboration thereof, except to the obviously leading questions propounded to the witnesses, being offered, this case squarely falls within the ruling of the Supreme Court of Florida on Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694, and therefore must be reversed. The appellee husband has not favored us with a Brief on any authorities as to his contention in this matter.
Having come to'the conclusion that the case must be reversed for lack of proof of residence, thus determining that the lower court had no jurisdiction in the matter, residence for ninety days (now six months) being a jurisdictional requirement, it becomes unnecessary for us to pass upon the merits of the controversy as to whether desertion was proved, or to put it more succinctly, in this case “who deserted whom ?”
Appellant’s motion for allowance of attorneys’ fee on appeal is granted and the sum of $200 is allowed.
Reversed with instructions to dismiss the complaint.
KANNER, C. J., and ALLEN, J., concur.